# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABORERS LOCAL UNION 158, | : | |
| LABORERS LOCAL UNION 158 | : | |
| HEALTH AND WELFARE FUND and | : | |
| LABORERS LOCAL UNION 158 | : | CIVIL ACTION NO. |
| PENSION FUND, | : | |
| | : | |
| Plaintiffs, | : | ELECTRONICALLY FILED |
| | : | |
| vs. | : | |
| | : | |
| BRANDON BALCHUNE | : | |
| CONSTRUCTION, INC., and | : | |
| BRANDON BALCHUNE, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

AND NOW, Plaintiffs, Laborers Local Union 158, Laborers Local Union 158 Health and Welfare Fund, and Laborers Local Union 158 Pension Fund (hereinafter Plaintiffs) by and through their attorney, John B. Dougherty, Esquire, file the following Complaint and aver as follows:

1

## Operative Facts

1. This action arises under §301 of the Labor-Management Relations Act (LMRA), as amended, 29 U.S.C.A. §185, and under §502(d) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C.A. §1132(d).

2. Laborers Local Union 158, whose principal offices are located at 4655 Linglestown Road, Suite D, Harrisburg, Pennsylvania, 17112, is a "labor organization" within the meaning of 29 U.S.C.A. §§152 and 185(a), and is an "employee organization" within the meaning of §3(4) of ERISA, 29 U.S.C.A. §1002(4).

3. Laborers Local Union 158 Health and Welfare and Pension Funds, whose principal offices are each located at 2201 Forest Hills Drive, Suite 6A, Harrisburg, Pennsylvania, 17112-1089 are employee benefit plans within the meaning of §3(3) of ERISA, 29 U.S.C.A. §1002(3).

4. Defendant, Brandon Balchune Construction, Inc., has principal offices located at Rear 250 Main Street, Duryea, PA 18642.

5. Defendant, Brandon Balchune Construction, Inc., is an "employer" in an industry "affecting commerce" within the meaning of §§2(2) and (7), and 301(a) and (b) of the LMRA, 29 U.S.C.A. §§152(2) and (7), and 185(a) and (b).

6. Defendant, Brandon Balchune Construction, Inc., is an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C.A. §1002(5).

7. Defendant, Brandon Balchune Construction, Inc., is signatory to a collective bargaining agreement with Laborers Local Union No. 158 which was effective at all times relevant to this action.

8. Pursuant to the terms of the collective bargaining agreement Defendant, Brandon Balchune Construction, Inc., agreed to pay certain sums to each of the above-named Funds.

9. Defendant, Brandon Balchune Construction, Inc., has failed to contribute monies to Plaintiffs based on work performed by its employees.

## COUNT I
### Claim for Unpaid Contributions and Damages

10. Plaintiffs incorporate the allegations of Paragraphs 1 through 9 of this Complaint as if fully set forth.

11. Defendant, Brandon Balchune Construction, Inc., has failed to make payment to the Funds for contributions required to be made under the applicable collective bargaining agreements and Trust agreements in an amount to be determined.

12. As a result of Defendant Brandon Balchune Construction, Inc.'s failure to pay contributions required under the applicable collective bargaining agreements and Trust agreements, Plaintiffs are owed liquidated damages, penalties, attorneys' fees, and interest in an amount to be determined.

13. The Funds have been damaged by Defendant's breach of its contractual obligations and failure to make the contractually-required payments.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a) Enter judgment in their favor and against Defendant, Brandon Balchune Construction, Inc. in an amount to be determined;

(b) Order payment of all unpaid contributions;

(c) Award interest on such unpaid contributions;

(d) Award an additional amount equal to the greater of the interest or liquidated damages provided for in the Plan;

(e) Award payment of reasonable attorney's fees; and

(f) Award Plaintiffs the costs of this litigation.

## COUNT II
## Claim for Unpaid Contributions and Damages Under ERISA

14. Plaintiffs incorporate the allegations of Paragraphs 1 through 13 of this Complaint as if fully set forth.

15. Defendant, Brandon Balchune Construction, Inc., has failed to make payment to the Funds for contributions required to be made under the applicable collective bargaining agreements and Trust agreements.

16. Defendant has failed to make payment to the Funds of the liquidated damages, penalties, attorneys' fees, and interest required to be paid under the applicable collective bargaining agreements and Trust agreements, in an amount to be determined.

17. Defendant's failure to make payment of contributions when due is a violation of ERISA, 29 U.S.C. § 1145.

18. The Funds have been damaged by Defendant's breach of its contractual obligations and failure to make the contractually-required payments in violation of ERISA.

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), permits the institution of an action on behalf of a multi-employer plan to enforce the payment of delinquent contributions and provides that, if judgment is entered in favor of the plan in such a case, the Court shall award (a) the unpaid contributions,

(b) interest, (c) an amount equal to the greater of (i) the interest or (ii) contractual liquidated damages in an amount not to exceed 20%, (d) reasonable attorneys' fees and costs, and (e) any other legal and equitable relief the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a)  Enter judgment in their favor and against Defendant, Brandon Balchune Construction, Inc. in an amount to be determined;

(b)  Order payment of all unpaid contributions;

(c)  Award interest on such unpaid contributions;

(d)  Award an additional amount equal to the greater of the interest or liquidated damages provided for in the Plan;

(e)  Award payment of reasonable attorney's fees; and

(f)  Award Plaintiffs the costs of this litigation.

### COUNT III
### Claim for Unpaid Penalties and Interest Already Assessed

20.    Plaintiffs incorporate the allegations of Paragraphs 1 through 19 of this Complaint as if fully set forth.

21.    Defendant, Brandon Balchune Construction, Inc., has failed to make payment to the Funds for the liquidated damages, penalties, attorney's fees,

and interest required to be paid under the applicable collective bargaining agreements and Trust agreements for delinquent contributions.

22. Defendant's failure to make payment of contributions when due is a violation of ERISA, 29 U.S.C. § 1145.

23. The Funds have been damaged by Defendant's breach of its contractual obligations and failure to make the contractually-required payments in violation of ERISA.

WHEREFORE, Plaintiffs demand judgment of the Defendant and request:

(a) The full amount of the unpaid contributions, liquidated damages, penalties and interest due both Funds, in an amount to be determined;

(b) An award of its costs and attorneys' fees incurred in prosecuting this action; and

(c) Such other, further and different relief as the Court may deem just and proper.

## COUNT IV
## Claim Under the Pennsylvania Wage Payment and Collection Law

25. Plaintiffs incorporate the allegations of Paragraphs 1 through 24 of this Complaint as if fully set forth.

26. Count IV arises under Pennsylvania's Wage Payment and Collection Law, 43 PS. §260, et seq. and this Court's jurisdiction is asserted under 28 U.S.C.A. §1367.

27. Pursuant to 43 P.S. §260.9a any employee or group of employees, labor organization, or party to whom any type of wages is payable may institute action provided for under Pennsylvania's Wage Payment and Collection Law.

28. Defendants, Brandon Balchune Construction, Inc. and Brandon Balchune, President of Brandon Balchune Construction, Inc., are employers within the meaning of 43 P.S. §260.2(a).

29. Plaintiffs believe and therefore aver that Defendant, Brandon Balchune, resides at 230 Main Street Rear, Duryea, PA 18642.

30. Contributions to employee benefit plans constitute wages under Pennsylvania's Wage Payment and Collection Law.

31. Under the provisions of 43 P.S. §260.9a(b), Plaintiffs may institute suit to recover such unpaid wages.

32. Under 43 P.S. 260.10, where wages remain unpaid for thirty (30) days beyond the regularly scheduled pay day, the Plaintiff shall be entitled to

claim liquidated damages in an amount equal to 25% of the total amount of wages due, or $500.00, whichever is greater.

33. Under the provisions of 43 P.S. 260.9a(f), the court in any action brought under this section shall, in addition to any judgment awarded to the Plaintiff, allow costs for reasonable attorney's fees.

34. Under the terms of Pennsylvania's Wage Payment and Collection Law, therefore, Plaintiffs are entitled to an award of attorney's fees, costs, and an amount which represents unpaid contributions, interest, and liquidated damages of the greater of 25% of unpaid contributions or $500.00.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a) Enter judgment in their favor and against Defendants, Brandon Balchune Construction, Inc. and Brandon Balchune; and

(b) Order payment of all unpaid contributions;

(c) Award interest on such unpaid contributions;

(d) Award costs and attorney's fees; and

(e) Award 25% liquidated damages against the Defendants for all sums determined to be due and owing by virtue of Defendants' account to the Plaintiffs, or alternatively;

(f) Award $500.00 in liquidated damages against the Defendants pursuant to the provisions of the Pennsylvania Wage Payment and Collective Law for each Union member for whom Plaintiffs have been required to institute suit on behalf of in this action.

Respectfully Submitted,

s/ *John B. Dougherty*

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA  17102
Telephone:  717-238-1657
Facsimile:  717-238-6691